## The People of the State of Illinois v. Henry Clay Merritt.

1. APPEALS—*In Action for Violation of the Game Law.*—An appeal lies in an action of debt in the name of the people against a person to recover a penalty for a violation of the provisions of section six of the game law.

2. GAME LAW—*What is Not a Violation of its Provisions.*—An inhabitant of a city or village who receives game from another State and sells the same on the market of his city or village is not guilty of violating section six of the game law. (Hurd's R. S., p. 924.)

Debt, for a penalty. Appeal from the Circuit Court of Henry County; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the April term, 1900. Affirmed. Opinion filed October 8, 1900.

EMERY C. GRAVES, State's Attorney, and CHAS. K. LADD, attorneys for appellant.

N. F. ANDERSON and WILSON & MOORE, attorneys for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was an action in debt in the name of the people against appellee, to recover certain penalties for violation of the provisions of section 6 of the game law.

Appellee filed his motion in this court to dismiss the appeal on the ground that this is a criminal prosecution and therefore an appeal does not lie. This suit was not commenced by warrant, but by an ordinary summons in debt, and instead of a complaint there is the usual declaration in debt. The question whether or not the violator of said section 6 is subject to a criminal prosecution under that section, does not arise here, as appellant has not sought to enforce the penalty in that manner, but by the civil action of debt. The motion to dismiss the appeal must therefore be denied.

The declaration in this case contained 12,856 counts, each one of which charged appellee with having in his possession certain game, describing it, for the purpose of selling the same, contrary to the statute. The defense relied upon by appellee was that portion of said section 6 of the statute which provides " that inhabitants of villages and cities may receive game from other States and expose and sell the same on the market in said villages and cities between the first day of October and the first day of February of the following year." Upon the trial there was a verdict and judgment in favor of appellee.

The proofs show that during the time in question and for several years prior thereto, appellee was an inhabitant of, and owned and operated a warehouse and cold storage plant at Kewanee, Illinois, where he, at times, received for storage, game and poultry. The only proof of sales, upon

which appellant relied, was one made to Franklin V. Mink on January 22, 1898, of four barrels of partridges, and one to Powell Bros. Co., January 24, 1898, of 120 dozen quails. Mink testified that the game was ordered by him by letter and that the same was delivered to him at the Chicago, Burlington & Quincy Railroad freight depot at Kewanee on January 27, 1899. George W. Powell testified that he ordered the game for his company by telegraph and that the same was delivered on the train at Kewanee. Letters were also introduced in evidence from appellee to the several parties, showing he had shipped the game on January 27, 1898.

There was no controversy concerning the evidence upon these points and the only questions raised are (1) were the sales made on the market at Kewanee or must they be considered as made elsewhere; and (2) were the alleged sales mere subterfuges to cover shipments made by appellee to commission men for sale for himself. The evidence is uncontradicted that the game was received by appellee from points outside of this State, and delivered by him to the parties ordering it at the depot at Kewanee. Under such circumstances we must hold that the sales were made on the market at Kewanee.

The court instructed the jury that if they believed from the evidence that the parties above named ordered said game from appellee and that appellee accepted the order, and delivered the game to the railroad company in Kewanee for said parties, that " such order and delivery constituted a sale at Kewanee, provided the jury further believe from the evidence that such transaction was entered into in good faith between the parties, the one then intending to sell and the other then intending to buy, and was not entered into by said defendant with the intention and for the purpose of making a consignment or shipment upon his own account."

We think this states the law correctly, and as there was no proof of any subterfuge on the part of appellant to cover a shipment upon his own account, the jury properly found

for the appellee.   There was some  evidence of a shipment of game to a party in Chicago, but  there was  no proof of the kind of game  shipped, consequently there could  be no recovery therefor under the declaration in this case.   Appellant insists upon the right to a  new trial  on the  ground of newly-discovered evidence.   From an inspection  of the affidavits, however, it appears that the evidence desired was merely cumulative in  its  nature, and  that  appellant  was sufficiently apprised of  the same  prior to the trial  to have produced it, or to have asked for a continuance until it could have been produced.

The affidavit, therefore, did not  show sufficient grounds to warrant the granting of a  new trial.   For the reasons above given  the  judgment of  the  court  below  will  be affirmed.   Judgment affirmed.